UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE G. PERALES VENEGAS,<br><br>                    Petitioner,<br><br>                    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Case No.  C11-103-MJP-BAT<br>             (CR09-222-MJP)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner's 28 U.S.C. § 2255 motion to vacate his sentence in CR09-222-MJP[1] has been referred to United States Magistrate Judge Brian A. Tsuchida. Dkt. 4.[2] Petitioner contends his lawyer was ineffective by (1) "failing to ask the government to file a motion pursuant to U.S.S. § 5K1 . . . based upon the Petitioner's assistance provided to the prosecution during the investigation," and (2) failing to argue for a sentencing adjustment because he is not eligible to be placed in a minimum security facility based on his status as a deportable alien. Dkt. 1. After careful consideration of the motion, and the record, the Court recommends the motion be **DENIED** and that the case be **DISMISSED** with prejudice.

---

[1] Dkt. 1.

[2] Dkt. refers to docket entries in the instant case. CR. refers to the docket in the underlying criminal conviction, CR09-222-MJP.

REPORT AND RECOMMENDATION- 1

# I. BACKGROUND

Petitioner was charged by indictment with conspiracy to distribute over one kilogram of cocaine, three counts of distribution of cocaine and one count of possession of a firearm in relation to a drug trafficking crime. His two brothers and his wife were charged as co-defendants. CR. 28. If convicted of all counts, petitioner faced a mandatory minimum of ten years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 924(C)(1)(a)(1).

On November 3, 2009, petitioner pled guilty pursuant to a plea agreement to Count I of the indictment, conspiracy to distribute more than 500 grams of a mixture containing cocaine. CR. 94. The plea agreements advised petitioner that he faced a mandatory minimum term of five years of imprisonment. *Id.* at ¶ 3. The government agreed to dismiss all other counts. *Id.* at ¶ 8. Additionally, petitioner waived his right to appeal the sentence on the condition the Court imposed a sentence within the guideline range, or statutory mandatory minimum, if greater than the guideline range. *Id.* ¶ 10. The plea agreement contained no cooperation agreement and no promises that the government would consider or make a motion under USSG § 5K1.1. At the time petitioner entered his guilty plea, he also told the Court that no one made him any promises that were outside the promises contained in his plea agreement. CR. 120 at 15.

In his sentencing memorandum, petitioner urged the Court to impose the 60 months mandatory minimum sentence based on his lack of criminal history, solid employment history, and his personal family circumstances. Petitioner further suggested this sentence was appropriate because he had been "entrapped" to commit the crime. CR. 100 at 6. Petitioner also submitted a letter to the Court expressing his regret for committing the crime and asking forgiveness. *Id.* ex. 1.

The government recommended the Court impose a sentence of 70 months of

REPORT AND RECOMMENDATION- 2

imprisonment, the low end of the 70-87 month guideline range.  The government contended petitioner was involved in the sale of two kilograms of cocaine, and had given guns to his brothers to protect the drugs and drug money.  The government argued although petitioner admitted these facts to the police after his arrest, his brothers escaped prosecution because petitioner's statement could not be used against them at trial. CR. 104 at 2.  The government argued seventy months was a fair sentence for two main reasons.  First, pursuant to a plea bargain, plaintiff avoided the additional five year mandatory minimum sentence for the firearms offense.  Second, petitioner is not as innocent as the defense claimed because he readily supplied cocaine to an undercover officer, and supplied guns to his brothers in connection with the offense.  *Id.*

On February 2, 2010, the Court sentenced petitioner to 60 months of imprisonment, the mandatory minimum, four years of supervised release and imposed the $100 special assessment. CR. 112.  Petitioner appealed.  CR. 114.  On June 25, 2010, the Court of Appeals granted petitioner's motion to withdraw the appeal and dismissed the matter. CR. 123.

On January 19, 2011, petitioner filed the instant § 2255 motion claiming he was denied effective assistance of counsel by his lawyer's failure "to ask prosecution to file a motion pursuant to USSG § 5K1.1 to allow the sentencing Court to depart from the applicable guideline." Dkt.  6 at 5 (Memorandum in Support).  In an attached affidavit, he avers he "cooperated with the authorities and provided the government with all information requested and related to every individual's involvement in the offense" and that his "defense counsel was aware about the information and assistance [he] provided to the prosecution related to the offense." Dkt. 5 (Affidavit in Support).

Petitioner also claims his lawyer was ineffective for "failing to argue at sentencing that

REPORT AND RECOMMENDATION- 3

because of petitioner status as a deportable alien, [he] would not be eligible to serve part of his sentence in a minimum security facility. Nor serve custody program including home confinement." Dkt. 6 at 7.

### III.  DISCUSSION

*A.  Standards to Vacate, Set Aside, or Correct a Sentence*

Under 28 U.S.C. § 2255, "[a] district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The Court may deny a hearing if the prisoner's allegations fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). In this case, the record establishes petitioner is not entitled to relief on his claim that he was denied effective assistance of counsel.

*B.  Trial Counsel's Failure to Request a USSG § 5K1.1 Motion*

Petitioner claims his lawyer was ineffective for not asking the government to make a § 5K1.1 motion. To establish this claim, petitioner has the burden of showing (1) that his trial counsel's performance was deficient and (2) that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

This claim rests on a showing that petitioner actually provided substantial assistance to the government. If petitioner did not, there would be no reason for his lawyer to ask the government to file a § 5K1.1 motion. In this case, petitioner's lawyer was not ineffective because the record shows petitioner did not provide the government substantial assistance.

First, the government did not agreed to consider or make a § 5K1.1 motion. Petitioner's

REPORT AND RECOMMENDATION- 4

plea agreement contains many agreements but an agreement by the government to consider or make a § 5K1.1 motion is not one of them. Petitioner also stated under oath when he entered his plea that no one had made any promises to him outside of those contained in the plea agreement.

Second, petitioner contends he "cooperated." Plaintiff avers, and the government acknowledges that after his arrest, plaintiff made incriminating statements about himself and his brothers to police officers. However, making admissions to the police does not automatically mean a defendant has provided substantial assistance to the government that merits a § 5K1.1 motion. Otherwise, all defendants who confess would be eligible for a sentence reduction below the mandatory minimum.

Moreover, the government's sentencing memorandum indicates that while petitioner gave a statement to police officers, he did not provide substantial assistance. Instead of assisting the government by agreeing to testify against his brothers, who were co-defendants, plaintiff obviously declined to do so. Consequently, petitioner's statements were not admissible against them and the government was placed in a position where it had to dismiss the charges against plaintiff's brothers.[3] The record does not contain a declaration from the government that petitioner refused to testify against his brothers but given the course of the proceedings, that is the only conclusion that can be reached.

Under these circumstances, there is no basis to conclude petitioner provided the government substantial assistance and thus no basis to conclude that petitioner's counsel had any reason to ask the government to file a § 5K1.1 motion.

Third, the government is not obligated to make a § 5K1.1 motion. Thus, the government's failure to file a § 5K1.1 motion is not a grounds for relief unless it can be shown

---

[3] *See* CR09-222-MJP, Dkt. 77 (Order of dismissal regarding Juan Perales-Venegas and Javier Perales-Venegas).

REPORT AND RECOMMENDATION- 5

that failure was based on impermissible motives or in violation of a plea agreement. *See United States v. Treleaven*, 35 F.3d 458, 461 (9th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185-186, (1992). Petitioner makes no such allegations. Rather, his complaint is his lawyer should have asked the government to file a § 5K1.1 motion. In any event, under the facts of this case, even if petitioner's counsel asked the government to file a § 5K1.1 motion, there was no basis for the government to grant the request. As discussed above, petitioner did not provide the government substantial assistance. The government thus has no reason to even consider, let alone grant, a request for a § 5K1.1 motion.

Fourth, at sentencing, petitioner raised numerous arguments supporting his request that the Court impose the mandatory minimum sentence. These arguments included his personal circumstances, the facts of the case, his remorse, how he was not a danger to the community, and how he was entrapped. Before his sentencing hearing, he submitted a personal letter. At the sentencing hearing, he was given a brief continuance to prepare another letter to read to the Court. In none of his pleadings, letters, or statements did petitioner ever indicate he had cooperated with the government and that the Court should imposed a sentence below the mandatory minimum based on § 5K1.1.

If he had provided substantial assistance, petitioner most certainly would have raised it at the time of sentencing. He was familiar with the idea of cooperation as his wife had made a proffer to the government and received the benefit of a safety-valve adjustment. *See* Dkt. 118 (Transcript of Sentencing at 16); *see also United States v. Nereyda Yasmin Perales*, CR09-222, Dkt. 108 (Judgment imposing credit for time served).

Under the foregoing circumstances, the Court concludes trial counsel was not ineffective for failing to ask the government to file a § 5K1.1 motion.

REPORT AND RECOMMENDATION- 6

C.     *Petitioner's Status as Deportable Alien as a Sentencing Factor*

Petitioner also contends his lawyer was ineffective for not arguing at sentencing that his status as deportable alien rendered him ineligible to serve his sentence in a minimum security facility, or to participate in home confinement and other programs. Dkt. 6 at 7-9. He argues this was a factor that should have been argued under 18 U.S.C. § 3553(a). *Id.* Petitioner argues had his lawyer made this argument, he would probably have received a lower sentence.

Unfortunately, the sentencing judge was required to impose no less than five years of imprisonment in this case. Although a sentencing court's consideration of the factors listed in § 3553(a) may mitigate the sentence imposed, those factors do not permit the sentencing court to impose a sentence below a statutory minimum sentence. Hence, even if the argument that petitioner urges regarding his alien status had been made at the time of sentencing, it would have made no difference. The sentencing judge would still have been required to impose the five year minimum term of imprisonment that was handed down in this case. Because the Court could not impose as lower sentence, trial counsel's failure to make the argument is harmless and not a basis for relief.

Petitioner also argues the Court should grant relief based on the cumulative effect of his lawyer's errors. Dkt. 6 at 12. There is no merit in this contention. As discussed above petitioner was not denied effective assistance of counsel.

D.     *Need for an Evidentiary Hearing*

If a prisoner's allegations do not state a claim for relief or are so palpably incredible as to warrant summary dismissal, a court need not hold an evidentiary hearing. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.), *cert. denied,* 498 U.S. 869 (1989). Here, petitioner's claim he "cooperated" does not entitle him to an evidentiary hearing. *See Wade*, 504 U.S. at 186. ("[A]

REPORT AND RECOMMENDATION- 7

claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing."). Because the record establishes petitioner's right to effective assistance of counsel was not violated, an evidentiary hearing need not be conducted.

### E.   *Certificate of Appealability*

A petitioner seeking post-conviction relief may appeal a district court's dismissal of his § 2255 motion only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a COA with respect to both of his claims. Petitioner should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

### IV.   CONCLUSION

For the reasons discussed above, the Court recommends that petitioner's 28 U.S.C. § 2255 motion to be **DENIED** and that the case be **DISMISSED**. The Court also recommends that a COA not be issued. A proposed order accompanies this Report and Recommendation.

DATED this 26th day of January, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 8