UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE PERALES-VENEGAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CASE NO. 2:11-CV-00103-MJP<br><br>ORDER ON REPORT AND RECOMMENDATION |

　　The Court, having received and reviewed

　　1.　Report and Recommendation (Dkt. No. 7)

　　2.　Objections to the Magistrate's Findings and Recommendations (Dkt. No. 9)

and all attached declarations and exhibits, makes the following ruling:

　　IT IS ORDERED that the Report and Recommendation is ADOPTED and Petitioner's §2255 motion is DENIED and DISMISSED with prejudice.

　　IT IS FURTHER ORDERED that Petitioner's request for a certificate of appealability is DENIED.

ORDER ON REPORT AND
RECOMMENDATION- 1

**Discussion**

The procedural history of this case is laid out in detail in the "Background" section of the Report and Recommendation (R&R). In the interest of economy and because Petitioner does not dispute the R&R's rendition of the background facts (Obj'ns, p. 2), the Court will not repeat them here. The basis of Petitioner's 2255 request are claims that at sentencing his lawyer (1) failed to ask the prosecution to file a § 5K1.1 motion for downward departure from the sentencing guidelines and (2) failed to advise the sentencing judge that, as a deportable alien, Petitioner was ineligible to serve part of his sentence at a minimum security facility or other less restricted environments.

To establish his claims for ineffective assistance of counsel, Petitioner is required to establish (1) that counsel's performance was deficient and (2) that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-688 (1984).

Petitioner's contentions regarding the § 5K1.1 request rest on his ability to prove that he actually provided substantial assistance to the government. He has failed to do so, and every piece of circumstantial evidence points inexorably to the conclusion that Petitioner provided little or no assistance in the prosecution of his case. His confession of his own involvement is of no significance. Whatever information Petitioner may have provided regarding the involvement of his co-defendants (his two brothers and his wife) was ultimately of no assistance to the government – the circumstances point to the conclusion that Petitioner never testified (thus rendering his statements inadmissible) and there is no question that his brothers were not convicted of their charges.

The further circumstantial evidence that his plea agreement is devoid of any commitment by the government to consider or make a § 5K1.1 motion and that Petitioner himself did not raise

ORDER ON REPORT AND
RECOMMENDATION- 2

his alleged cooperation with the government as an argument in his behalf at or before sentencing all points to the conclusion that no substantial assistance was provided and no § 5K1.1 motion was warranted.

Petitioner bases his second "ineffective assistance" argument on his attorney's failure to raise his status as a deportable alien at sentencing. He argues that the resulting ineligibility for placement in a minimum security facility or home confinement constituted a factor under 18 U.S.C. § 3553(a) which would have likely resulted in his receiving a lower sentence. Setting aside the questionable logic of that argument, the fact remains that, while § 3553 factors permit mitigation of a sentence, they do not permit the sentencing judge to go below the statutory minimum sentence, which is exactly what Petitioner received. Even had his counsel made the argument which Petitioner now cites as grounds for his re-sentencing, it would have made no difference. Counsel's failure to make the argument is harmless and affords Petitioner no basis for relief.

Regarding Petitioner's request for a certificate of appealability, the Court agrees with the Magistrate Judge's conclusion that Petitioner has neither made a "substantial showing of the denial of a constitutional right" (per 28 U.S.C. § 2253(c)(3)) nor demonstrated that reasonable jurists could disagree with this analysis of Petitioner's claims or conclude that the issues deserve to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The Court will deny Petitioner's request for a certificate of appealability.

**Conclusion**

Petitioner's complaint fails to demonstrate either of his claims for ineffective assistance of counsel: he has no evidence of having provided substantial assistance to the government and has failed to demonstrate that his status as a deportable alien would have made any difference in

ORDER ON REPORT AND
RECOMMENDATION- 3

his mandatory minimum sentence. His petition will be denied and dismissed with prejudice. His request for a certificate of ability will also be denied.

The clerk is ordered to provide copies of this order to Plaintiff, all counsel and to Magistrate Judge Tsuchida.

Dated March 2, 2011.

Marsha J. Pechman
United States District Judge